IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIE J. CONWAY, :
          Plaintiff :
v. : 3:CV-08-00303
: (JUDGE VANASKIE)
KING PHARMACEUTICALS, INC., :
:
          Defendant :

## MEMORANDUM AND ORDER

On February 19, 2008, Plaintiff Willie J. Conway, an inmate currently confined at the State Correction Institution in Dallas, Pennsylvania (SCI-Dallas), proceeding pro se, brought this action pursuant to 42 U.S.C. § 1983 against Defendant King Pharmaceuticals, Inc.[1] (Complaint, Dkt. Entry 1.)  Along with his Complaint, Mr. Conway filed a Motion for Leave to Proceed in forma pauperis.  (Dkt. Entry 2.)

Mr. Conway alleges that in February of 2006, while at a visit with his physician, Dr. Bohenski, he was injected with Bactrim for his allergies.  (Complaint, at 3.)  His body immediately reacted to the Bactrim, causing skin deformation, rawness of the eyes, loss of finger and toe nails, anal rawness, extreme dryness and cuts to his mouth.  (Id.)  Apparently unable to eat for fifteen days, Mr. Conway was allegedly hospitalized for three months.  (Id.)  As a result of the injection of Bactrim, Mr. Conway claims to have contracted Stevens-Johnson

---

[1] King Pharmaceuticals is a pharmaceutical company, headquartered in Bristol, Tennessee.

syndrome.[2]  In this action, Mr. Conway asserts that King Pharmaceuticals was "aware of the drug and yet they [sic] continue to distribute Bactrim."  (Id.)

Under 28 U.S.C. § 1915(e)(2)(B), in proceedings in forma pauperis, a federal court shall dismiss a claim if it determines that the claim "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  In reviewing the legal sufficiency of a plaintiff's complaint, a court must accept the truth of the plaintiff's factual allegations.  Morrison v. Madison Dearborn Capital Partners III L.P., 463 F.3d 312, 314 (3d Cir. 2006).  A complaint must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, --- U.S. ----, 127 S.Ct. 1955, 1974 (2007) (rejecting the "no set of facts" language from Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  Pro se pleadings are to be construed liberally.  Haines v. Kerner, 404 U.S. 519, 520 (1972); Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004).

In the present case, as in all § 1983 claims, Mr. Conway is required to allege the violation of a right secured by the Constitution or laws of the United States, which was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42,

---

[2]According to *The Sloane-Dorland Annotated Medical Legal Dictionary* 509 (Supp. 1992), Stevens-Johnson syndrome is "a sometimes fatal form of erythema multiforme presenting with a flulike prodrome, and characterized by systemic as well as more severe mucocutaneous lesions."  The syndrome has been recognized as an allergic reaction to Bactrim.  See Serna v. Roche Laboratories, Div. of Hoffman-LaRoche, Inc., 684 P.2d 1187, 1188, 1190 (N.M. Ct. App. 1984).

48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).  "The deprivation must be caused by the exercise of some right or privilege created by the State . . . or by a person who may fairly be said to be a state actor." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982).  Moreover, it is well established that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs." Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988); see also Sutton v. Rasheed, 323 F.3d 236, 249 (3d Cir. 2003).

King Pharmaceuticals is not an appropriate defendant in this civil rights action because it is a private company not acting under color of state law.  A "private firm does not become a state actor by selling its products to the government." Steading v. Thompson, 941 F.2d 498, 499 (7th Cir. 1991) (citing Rendell-Baker v. Kohn, 457 U.S. 830, 840-41 (1982)); see also Slaughter v. Rogers, Civil Action No. 07-2163, 2008 WL 2230193, at *3 (D.N.J. May 28, 2008) (noting that several courts have held "that tobacco manufacturers are private entities, and that the mere sale of their products in state penal institutions does not transform them into state actors acting under the color of state law.").  King Pharmaceuticals' distribution of Bactrim does not make it a state actor, nor is it even alleged that King Pharmaceuticals is a state actor.  Plaintiff's civil rights action against King Pharmaceuticals is therefore inappropriate.

Pro se litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend," unless such an amendment would be inequitable or futile.  Alston, 363 F.3d at 235; see, e.g., Gurreri v. Adams County Prison, Civil No. 3:CV-07-

2198, 2008 WL 170599, at *2 (M.D. Pa. Jan. 17, 2008) (affording the plaintiff an opportunity to amend his complaint after inappropriately naming the county prison as a defendant).  However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recovery is properly dismissed without leave to amend.  Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).  In this matter, Mr. Conway's complaint affords no basis for a civil rights claim against King Pharmaceuticals.  Under these circumstances, dismissal without leave to amend is appropriate.

ACCORDINGLY, THIS 4th DAY OF SEPTEMBER, 2008, IT IS HEREBY ORDERED THAT:

1. Plaintiff's Motion for Leave to Proceed in forma pauperis (Dkt. Entry 2) is GRANTED.

2. Plaintiff's Complaint is DISMISSED, WITHOUT PREJUDICE, pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

3. The Clerk of Court is directed to mark this matter CLOSED.

                                                      s/ Thomas I. Vanaskie
                                                      Thomas I. Vanaskie
                                                      United States District Judge